IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST,**<br><br>   Plaintiff,<br><br>v.<br><br>**BETTY A. SPENSER, MELBA SUE McBRIDE, and TRACI PAYNE RETTIG**<br><br>   Defendants. | §§§§§§§§§§§§§§§§ Civil Action No. 4:23-cv-310 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Bank of New York Mellon Trust Company, NA, fka The Bank of New York Trust Company, NA, as successor to JPMorgan Chase Bank, as trustee, in trust for the Holders of Truman Mortgage Loan Trust 2002-2, Asset-Backed Certificates, Series 2002-2 ("BNYM" or "Plaintiff") complains of Betty A. Spenser, Melba Sue McBride, and Traci Payne Rettig ("Defendants"), files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is as "mortgagee" is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2. Don Price was an obligor under the loan agreement described below. Decedent Don Price died on or about March 25, 2012. Iona Price was an obligor under the loan agreement described below. Decedent Iona Price died on or about December 16, 2013 (collectively "Decedents"). Upon information and belief, no probate is open for Decedents' estate in the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedents ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedents' respective estates, including an undivided interest in the Property, immediately upon his death. Each Heir is made a party in this proceeding.

4. Betty A. Spenser is co-obligor under the loan agreement described below and the daughter of Decedent Iona Price. She may be served with process at 3404 South Carolina Drive, Sherman, Texas 75090, or at such other place as she may be found. Summons is requested.

5. Melba Sue McBride is an alleged heir and daughter of Decedent Iona Price. She may be served with process at 305 Nettle Tree Court, Conroe, Texas 77304, or at such other place as she may be found. Summons is requested.

6. Traci Payne Rettig is an alleged heir and granddaughter of Decedent Iona Price. She may be served with process at 204 County Road 4616, Sulphur Springs, Texas 75482, or at such other place as she may be found. Summons is requested.

## II.   PROPERTY

7. This proceeding concerns the real property and improvements commonly known as 3404 South Carolina Drive, Sherman, Texas 75090, and more particularly described as follows:

> BEING LOT 3 IN BLOCK 6 OF CONSTITUTION VILLAGE ADDITION, AN ADDITION TO THE CITY OF SHERMAN, TEXAS, AS SHOWN BY PLAT OF RECORD IN VOLUME 3, PAGE 73, PLAT RECORDS, GRAYSON, COUNTY, TEXAS.
> (The "Property").

## III.   DIVERSITY JURISDICTION AND VENUE

8. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

9. Plaintiff is a national association and the trustee of a trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). BNYM's main office is in New York, so Plaintiff is a citizen of New York for diversity purposes.

10. The named Defendants are individuals and citizens of the state of Texas.

11. In this suit, Plaintiff seeks a declaratory judgment to establish a statutory probate lien and to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

12. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

13. Here, the value of the right to be protected is enforcement of a mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Grayson County Appraisal District values the Property at $141,011.00, in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

14. Venue is proper in the Eastern District of Texas, Sherman Division, because this suit concerns title to real property located in Grayson County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.   FACTS

15. The foregoing paragraphs are incorporated by reference for all purposes.

16. On or about February 3, 2006, Decedents and Defendant Betty Spenser executed an *Adjustable Rate Note (Home Equity Conversion)* in the principal amount of $117,000.00 ("Note"), originally payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. ("Financial Freedom") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

17. Concurrently with the execution of the Note, Decedents and Defendant Betty Spenser (the "Borrowers") executed an *Adjustable Rate Deed of Trust (Home Equity Conversion)*, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Financial Freedom., its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of Grayson County, Texas at Instrument No. 2006-00005326. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

18.     Financial Freedom assigned and transferred the Loan Agreement to Mortgage Electronic Registration Systems, Inc., a Delaware Corporation, its successors or assigns, as nominee for Financial Freedom Acquisition LLC ("MERS") as evidenced through a *Corporate Assignment of Deed of Trust* ("First Assignment") recorded in the official public records of Grayson County, Texas at Instrument No. 2009-20512.  A true and correct copy of the First Assignment is attached hereto as **Exhibit C**.

19.     Subsequently, MERS assigned and transferred the Loan Agreement to Plaintiff as evidenced through an *Assignment of Deed of Trust* ("Second Assignment") recorded in the official public records of Grayson County, Texas at Instrument No. 2019-23446. A true and correct copy of the Second Assignment is attached hereto as **Exhibit D.**

20.     On or about March 25, 2012, Decedent Don Price passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

21.     On or about August December 16, 2013, Decedent Iona Price passed away. No probate was ever opened for her. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

22.     Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

23.     The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security

Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

24. There is a default under the Loan Agreement for failure to pay taxes and/or insurance. A Mortgage Due and Payable Notification letter was sent to the Borrowers in accordance with the Loan Agreement and the Texas Property Code on July 19, 2019. A true and correct copy of the Notice of Default is attached hereto as **Exhibit E**.

25. The default was not cured, and the maturity of the debt was accelerated. Notice of acceleration of loan maturity was sent via certified mail to the Borrowers, in accordance with the Loan Agreement and the Texas Property Code on January 23, 2020. A true and correct copy of the notice of acceleration is attached hereto as **Exhibit F**.

26. Plaintiff brings this suit to obtain an order for foreclosure.

## V.  CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

29. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Borrowers' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the

Security Instrument signed by the Borrowers, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### B. STATUTORY PROBATE LIEN

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

      *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

      *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

      *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

32. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendant, who also acquired the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

39. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Liberty County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

40. The foregoing paragraphs are incorporated by reference for all purposes.

41. Concurrent with Plaintiff acquiring all of Defendant's right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure—Plaintiff seeks a declaration and judgment that the Defendant is divested of all of their right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property are vested in Plaintiff. Title as to both Plaintiff and Defendant is derived from a common source.

### G. WRIT OF POSSESSION

42. The foregoing paragraphs are incorporated by reference for all purposes.

43. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

44. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code § 38.001. Attorneys' fees are not sought as a personal judgment against the Defendant, but only as an additional debt secured by the Security Instrument.

# I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff The Bank of New York Mellon, as Trustee for the ABFS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 requests that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**